UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| DRAKE STAFFORD, | ) | CASE NO. 1:08 CV 1283 |
|  | ) |  |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) | MEMORANDUM OF OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | ) | AND ORDER |
|  | ) |  |
| Defendant. | ) |  |

On May 19, 2008, plaintiff <u>pro se</u> Drake Stafford filed this <u>in forma pauperis</u> action against the Commissioner of Social Security. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

The complaint states in its entirety as follows:

> In 2007 July 20, I requested for Social Security to have my Social Security Number changed. I have gave them the information they needed to change my Social Security Number. In 2004 I found out that the Sheriff Department here in Downtown Cleveland has two sets of Social Security Numbers for my records. But they should only have one Number that belongs to me and my name and records. I can not find steady work or employment or finish school because of this problem. Which I told SSA about before. I never authorize anyone to track me that way. And I have nothing to do with any Fraud, Extortion, or any Conspiracies. Location of the Social Security Administration 1240 E 9, 7 floor Federal Building Downtown Cleveland Ohio.

Although <u>pro se</u> pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required

to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of pro se pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*.

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. See, Lillard v. Shelby County Bd. of Educ,, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____  7/25/08
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE